EMILY N. COOMES *vs.* MARCUS HOUGHTON.

A contractor for a job, by accepting and paying for work done thereon by a mechanic without his prior order or authority, does not render himself liable for injuries caused to a third person by a negligent act committed by the mechanic while doing the work, but not a part or result of the work itself.

TORT for injuries sustained by the plaintiff from the falling upon her head, as she was travelling on the sidewalk of Main Street in Springfield, of a brick dropped by an alleged servant of the defendant from a staging in front of a building adjoining the sidewalk.

At the trial in the superior court, before *Vose*, J., " there was no question made as to the injury, or by whom it was caused, or that it was the result of negligence; and the only controverted question presented to the jury was, whether or not the person who caused the injury was a servant or agent of the defendant." The verdict was for the plaintiff, and the defendant alleged exceptions. The case is stated in the opinion.

*N. A. Leonard*, for the defendant.

*M. P. Knowlton*, for the plaintiff.

WELLS, J. The facts, which the evidence in this case tended to establish, are, in brief, as follows : The plaintiff was injured by a falling brick, through the carelessness of Martin Teneefe, while passing upon the sidewalk in front of a building upon which Teneefe was at work as a bricklayer. The building was

owned by Levi Hitchcock, who had employed the defendant, by contract, to construct the walls. In the latter part of Novem· ber the work was suspended, in consequence of cold weather, and barriers, which had been kept up to prevent people from passing beneath, were removed. Hitchcock, being anxious to have the work completed, induced Teneefe to go to work, upon the day of the accident, which was in December; and he did so without replacing the barriers. Teneefe was in the employ of one Spooner regularly, but had previously worked upon the building, for a short time, by interchange, or some other arrange- ment between Spooner and the defendant. Whether he was so employed, on the day of the accident, by the direction or with the assent of the defendant, was in dispute ; the testimony o ˆ Hitchcock tending to show that he was so, and that of Teneefə and the defendant that he ·was set to work by Hitchcock. Thə question whether he " was, at the time, at work on the buildin g in consequence of some prior order of the defendant to be the e at work on that occasion," was presented to the jury, who, " ·n response to an inquiry submitted to them by the court," state l, on returning their verdict, that as to this question they could n· t agree.

The evidence tended to show that the defendant came to tl e building just at the time of the·accident, and knew all the facls relating to it ; that, in settling with Hitchcock for the work doi e under his contract, that which was done by Teneefe on the də y of the accident was included in the measurement and estima e of the building, and paid for with the rest, which was by the thousand; and that, in settlement with Spooner, the work of Teneefe for that day was charged to the defendant and settled in the accounts between them, Teneefe receiving his pay directly from Spooner.

The jury were instructed " that, if they were satisfied that the defendant, knowing that Teneefe had worked on the building that day, and ·that the plaintiff had been injured as she was by the negligent act of Teneefe while so at work, and with this knowledge paid for Teneefe's labor there performed, and col- lected of Hitchcock compensation for the labor done by Teneefe,

these are facts from which it is competent for the jury to infer that he had ratified and adopted the acts of Teneefe, so far as to make himself liable for the negligence or carelessness of Teneefe, in the performance of the work there done."

As the jury, by their disagreement, were unable to find any prior order or authority from the defendant, their verdict against him must stand exclusively upon the ground of adoption or ratification by his subsequent conduct.   This, under the instructions of the court, they were authorized to infer, in such manner as to hold him liable for the wrong done to the plaintiff, from the mere fact that, with knowledge of the circumstances, in his settlements with Spooner on the one hand and with Hitchcock on the other, he paid for the labor of Teneefe, and received pay for the work done.

For an injury resulting directly from the performance of work, thus done for the benefit of the defendant and accepted by him, he would unquestionably be responsible.   But the injury here does not result from the performance of the work.   It was occasioned by a negligent act of Teneefe while engaged in its performance.   The responsibility of the defendant for that negligence must be established, if at all, not through his relations to the work which he has accepted, but through his relations to Teneefe.   He can be held liable for such a negligent act of Teneefe, as that upon which this suit is brought, only upon the ground that he and Teneefe stood in the relation to each other of master and servant.   *Hilliard* v. *Richardson*, 3 Gray, 349. *Linton* v. *Smith*, 8 Gray, 147.   *Forsyth* v. *Hooper*, 11 Allen, 419. *Wood* v. *Cobb*, 13 Allen, 58.   Teneefe was not a servant in the general employ of the defendant.   The evidence tended strongly to show that his special employment upon the day of the accident, and his directions, came from Hitchcock, and not from the defendant.   For the purposes of this question, it must be assumed that there was no prior order or direction from the defendant.   Availing himself of the work done, and paying and receiving payment therefor, in the manner and under the circumstances stated, would not be an adoption by the defendant of anything which was not a part of or result from the work thus

accepted. It would not, of itself, establish the relation of master and servant, with all its incidental consequences, as existing, at the time of the accident, between the defendant and Teneefe. As the jury were wrongly instructed that they might infer the relation from that fact alone, the verdict must be set aside.

*Exceptions sustained.*